849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles J. SONNEBERGER, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 87-2094.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's summary judgment dismissing his claim of age discrimination and breach of contract filed pursuant to the Elliott-Larsen Act, Mich.Comp.Laws Ann. Sec. 37.2101 et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a salaried employee of Electronic Data Systems (EDS), a wholly owned subsidiary of defendant General Motors (GM), was transferred to EDS after nineteen years at GM. Subsequent to the transfer plaintiff brought the present action in Michigan state court; defendant removed the action to federal district court.
 
 
 3
 In his complaint, plaintiff alleged three grounds for relief: age discrimination, a breach of his employment contract with GM, and, alternatively, the tort of "unjust dismissal." Essentially, plaintiff complained that retirement benefits available to EDS employees were substantially less than GM benefits for which he was no longer eligible. Plaintiff sought compensatory and punitive damages.
 
 
 4
 The district court determined that plaintiff failed to demonstrate discrimination based on age, that the transfer did not constitute a breach of contract, and that Michigan law does not recognize a separate tort of unjust dismissal. The district court granted summary judgment for defendant.
 
 
 5
 On review, we conclude that dismissal was proper because there exists no genuine issue of material fact and defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 6
 Accordingly, the summary judgment of dismissal filed October 7, 1987, is hereby affirmed for the reasons stated by the district court in its opinion and order filed September 30, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.